**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBBY SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | NO. CV 12-0823 FMO<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

## PROCEEDINGS

On February 2, 2012, plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g), seeking review of the denial by the Commissioner of the Social Security Administration of his application for social security disability benefits. Pursuant to the Court's Order Re: Further Proceedings, filed on September 7, 2012 ("Court's Order of September 7, 2012"), plaintiff's Motion for Summary Judgment ("Motion") was due on October 9, 2012.

On October 12, 2012, the Court issued an Order to Show Cause ("OSC") directing plaintiff to show cause, no later than October 26, 2012,

> why this action should not be dismissed for plaintiff's failure to prosecute this action and/or to comply with the Court's Order of September 7, 2012. **Plaintiff shall attempt to show such cause in writing by filing a**

> **declaration signed under penalty of perjury. In particular, plaintiff's declaration must address why the Motion for Summary Judgment has not been filed, even though it was due three days ago. Failure timely to file such a declaration or to show cause as ordered will result in dismissal of this action for failure to prosecute and/or to comply with a court order.**
>
> **Filing of the Motion for Summary Judgment shall be a satisfactory response to the Order to Show Cause. However, absent exceptional circumstances, no extensions will be granted for the filing of the Motion for Summary Judgment**.

(OSC at 1-2) (bold in original) (footnote omitted). As of the date of this Order, plaintiff still has not filed any response to the OSC. Nor has the Motion for Summary Judgment been filed, as required by the Court's Order of September 7, 2012.

## DISCUSSION

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Hous. Auth. of L.A., 782 F.2d 829, 831 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik, 963 F.2d at 1260-61 (internal quotation marks and citation omitted); accord Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, 538 U.S. 909, 123

S.Ct. 1481 (2003); Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to the court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388; see Fed. R. Civ. P. 41(b), and in light of the factors outlined in Ferdik, Pagtalunan, Thompson, and Henderson, supra, dismissal of this action without prejudice for failure to prosecute and comply with the Court's Order of September 7, 2012, and OSC is appropriate. Plaintiff's failure to file a response to the OSC means that the court has no knowledge as to whether (or when) a Motion for Summary Judgment – which was due more than three weeks ago – will be filed in this case. This action cannot be moved toward disposition if plaintiff does not file a Motion for Summary Judgment. In addition, the court specifically advised plaintiff that if he did not file a response to the OSC by October 26, 2012, his action might be dismissed for lack of prosecution. (See OSC at 1-2).

Based on the foregoing, IT IS ORDERED THAT the above-captioned action is **dismissed without prejudice** for failure to prosecute and comply with the court's Orders.

Dated this 31st day of October, 2012.

/s/
Fernando M. Olguin
United States Magistrate Judge

3